JONATHAN WELDON, Pltff in Error, *v.* WILLIAM BURCH *et al.,* Defts in Error.

### ERROR TO WINNEBAGO.

When an offence, as against a witness who was an accomplice, is barred by the statute of limitations, he is bound to testify.
A witness will not be excused from testifying to a fact, material to the issue, because his testimony might subject him to disgrace or reproach.

This was an action of trespass, brought by the plaintiff against the defendants in the Winnebago Circuit Court. The declaration alleges, that the defendants forcibly entered the house of the plaintiff, and carried him therefrom, maltreated in many respects, and finally covered him with tar and feathers.

To this declaration, the plea of not guilty was interposed and issue was joined. Pleas, setting up the statute of limitations of two years, as to some of the counts in the declaration were also interposed, and issue joined thereon.

The case came on for trial at the April term, 1845, before Mr. Justice T. C. Browne, and a jury. On the trial, several witnesses were called and sworn, on the part of the plaintiff, who declined to answer the interrogatories propounded, because their answers might implicate them in the transaction for which the suit was brought, and subject them, moreover, to indictment and punishment. To which it was answered by the counsel for the plaintiff, that the statute of limitations had run upon the offence. The Court decided that this did not take away the privilege of the witness, as the Court could not judge whether all prosecutions

were barred. And that the witness could not be compelled to give evidence, which would tend to implicate them in the transactions in question. The jury found for the defendants. The plaintiff excepted to the ruling of the Court, and brings his cause to this Court, by writ of error, and assigns for error, the allowing of the privilege claimed for the witnesses.

E. S. LELAND, for Plaintiff in Error.

Where the offence, in relation to which the witness refuses to answer questions, is barred by the statute of limitations, the witness cannot claim the privilege, because he cannot be punished for the offence. Close *v.* Olney, 1 Denio, 319; The People *v.* Mather, 4 Wend., 255; U. S. *v.* Smith, 4 Day, 121; Parkhurst *v.* Lawton, 1 Merivale, 400; Henry *v.* Salina Bank, 1 Comstock, 83.

When the question requires an answer, which would be directly material to the issue, and is not asked for the purpose of impeaching the witness only, the witness must answer, if the answer would not render him liable to punishment, though he would thereby be degraded morally. Cowen & Hills' notes to Phillips, Ev. part 1. N. 521 to p. 279; Candell *v.* Pratt, 1 Moody & Malkin, 108; King *v.* Edwards, 4 T. R., 440; Harris *v.* Tippet, 2 Camp., 638, Peake's Ev., 129, 1 Starkie's Ev., 168; Lohman *v.* People, 1 Comstock, 385; 1 Green., Ev., §454, Swift's Ev., 80.

Although a witness may not be bound to answer a question, the answer to which, would *directly* show his moral turpitude, he is bound to answer all questions in relation to the subject, which only tend to show it, but do not require him directly to admit it. People *v.* Mather, 4 Wend., 250; Parkhurst *v.* Lawton, 1 Merivale, 400; McBride *v.* McBride, 2 Esp., 242.

J. MARSH, for Defts in Error.

TREAT, C. J.    This was an action of trespass for an assault and battery. It was tried in April, 1845. It appeared in evidence, that, on the night of the 26th of February, 1842, the plaintiff was forcibly taken from his house, by some ten or twelve persons in disguise, and carried some distance, and much

maltreated. For the purpose of identifying the defendants with the commission of the outrage, the plaintiff called in succession several witnesses, who resided in the neighborhood where the occurrence transpired, and still continued to reside there, and asked them whether they had seen any of the defendants on the night in question. The witnesses declined to answer, on the ground that they could not do so, without subjecting themselves to indictment and punishment. The plaintiff insisted that the offence was barred by the statute of limitations. The Court decided that the witnesses were not bound to answer, and the plaintiff was deprived of the benefit of their testimony.

The witnesses were not exempt from testifying. Any criminal offence growing out of the transaction in question, was clearly barred by the statute of limitations. If a riot, as it probably was, the offence was barred in eighteen months; if the graver offence of burglary, as suggested by counsel, it was barred in three years. The statute operated as a complete bar in either case. More than three years intervened between the commission of the act, and the time of trial. The witnesses were not within the exception in the statute, for they had not fled from justice. See R. S., ch. 30, §200. Lapse of time had secured them a perfect defence to any attempt to prosecute them criminally. The reason of the rule, that a party shall not be compelled to give testimony that may tend to subject him to a criminal prosecution, had no application to these witnesses. They could not, therefore, claim the benefit of the rule. They would not have incurred the least hazard by testifying. The cases of Close *v.* Olney, 1 Denio, 319; The People *v.* Mather, 4 Wend., 229, and The U. S. *v.* Smith, 4 Day, 121, fully support the position, that the witnesses were not privileged.

But, it is contended, that they were not bound to answer, because their testimony might have had a direct tendency to degrade their character. The authorities all agree, where the question is asked respecting a matter collateral to the issue, ˉor with a view to impair the credibility of the witness, that he is not bound to give testimony that will directly tend to disgrace him. There is, however, much conflict of opinion on the point, whether he is bound to testify concerning a matter material to the issue. Such being the case, we are at liberty to adopt the rule that may best promote the rights of parties, and subserve the ends of jus-

tice. The views of Mr. Greenleaf on this subject, are so forcible and sound, as to justify a quotation at some length. He says: "On this point, there has been a great diversity of opinion, and the law still remains not perfectly settled by authorities. But the conflict of opinions may be somewhat reconciled by a distinction, which has been very properly taken, between cases where the testimony is relevant and material to the issue, and cases where the question is not strictly relevant, but is collateral, and is asked only under the latitude allowed in a cross-examination. In the former case, there seems great absurdity in excluding the testimony of a witness, merely because it will tend to degrade himself, when others have a direct interest in that testimony, and it is essential to the establishment of their rights of property, of liberty, or even of life; or to the course of public justice. Upon such a rule, one who had been convicted and punished for an offence, when called as a witness against an accomplice, would be excused from testifying in any of the transactions, in which he had participated with the accused, and thus the guilty might escape. And, accordingly, the better opinion seems to be, that where the transaction forms any part of the issue to be tried, the witness will be obliged to give evidence, however strongly it may reflect on his character." 1 Greenlf on Ev. §454 (4). We have no hesitation in adopting the rule thus laid down. A party ought not to be deprived of the benefit of testimony material to the issue in the case, nor ought the course of public justice to be defeated, merely because a witness may subject himself to disgrace or reproach. The privilege of the witness ought not to be considered as superior to the rights of individuals, or the demands of public justice. He is required to speak of a transaction in which he voluntarily participated. If he sustains a loss of reputation in consequence of his disclosures, it is but the result of his own wrong. In the present case, the testimony sought was clearly material to the issue on trial. In either point of view, the witnesses were bound to testify, and the Court erred in excusing them.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*