### , COMMONWEALTH *vs.* MOSES P. KIMBALL.

The defendant, having sued out of the superior court a writ of *audita querela* to annul an execution, applied for a *supersedeas* of the execution,. by a petition bearing a certificate of the clerk that it was sworn to before him. At the trial of the defendant for perjury in swearing to this petition, the clerk testified that it was sworn to before him, but whether in his office or in court he did not remember; that there was no order of the court, general or special, to administer the oath, but that it was the general practice in such cases. A rule of the superior court requires all motions grounded on facts to be verified by affidavit. *Held,* that there was sufficient evidence that the defendant was lawfully required by the superior court to swear to the petition, and that he did swear thereto before the court.

At the trial of an indictment for perjury in swearing, in an application to annul an execution, that it had been satisfied since judgment, the defendant testified that the debt on which the judgment was recovered was satisfied before judgment. *Held,* that the admission, on cross-examination, of his answer in the suit in which the judgment was recovered, afforded him no ground of exception.

INDICTMENT for perjury, alleging that the defendant, having been taken on execution upon a judgment recovered against him in the superior court for Suffolk by John M. Way, and having sued out of said court a writ of *audita querela* against Way, to set aside all proceedings under the execution, " made application, by a petition in writing, to said superior court, praying that a writ of *supersedeas* might issue from said court to stay proceedings under said execution until a final hearing could be had under said writ of *audita querela ;* " that the defendant " was then and there lawfully required by said superior court, having full authority to make such requirement, to make oath to the truth of the allegations in said petition contained, before Joseph A. Willard, Esquire, clerk of said court, and said Moses P. Kimball, then and there, before said Willard, clerk as aforesaid, having full power and authority to administer such oath," at Boston on January 27, 1870, " did then make oath that the statements in said petition were true ; and that said Kimball, being then and there by said Willard, as such clerk, duly sworn to testify the truth in the premises, did then and there falsely, knowingly, wilfully and corruptly, in and by said written petition, depose and swear as follows : " (here setting forth the petition ;) that the statements in the petition were of material facts and were false,

and that the defendant " before the said Joseph A. Willard, clerk as aforesaid, authorized as aforesaid," did commit perjury.

At the trial in the superior court for Suffolk, before *Dewey, J.,* the Commonwealth introduced in evidence the petition referred to in the indictment. It was addressed to the justices of the superior court; alleged that the judgment on which execution issued in favor of Way was satisfied by the defendant, and Way promised to return the execution with acknowledgment of satis faction, but, notwithstanding, arrested the defendant on the exe cution ; prayed that a writ of *supersedeas* might issue to stay proceedings under the execution until a final hearing upon the *audita querela;* was signed by the defendant ; and bore the fol lowing certificate : " Suffolk, ss. Superior Court. January 27, 1870. Subscribed and sworn to before me, Joseph A. Willard, Clerk." The Commonwealth introduced also the record of the judgment in favor of Way against the defendant (from which it appeared that the judgment was rendered on two promissory notes) ; the execution issued thereon, on which the defendant was arrested ; the writ of *audita querela,* which was regularly served on January 27, 1870 ; and a complaint of Way for the non- entry of the same.

Joseph A. Willard testified " that he was clerk of the superior court for civil business in the county of Suffolk ; that the peti- tion for the *supersedeas,* subscribed by the defendant, was pre- sented and sworn to by the defendant before him ; that he did not remember whether it was in his office or in court ; that there was no general or special order of the court to administer the oath ; but that it was the general practice in such cases." The witness made no further statement as to the oath or the words in which the defendant was sworn.

It was conceded that the statements in the petition related to material facts. The evidence as to the falsity of these state- ments, and as to the defendant's knowledge thereof, was con- flicting.

The defendant having testified that the notes on which the suit of Way against him was brought had been satisfied before the judgment thereon, the Commonwealth was allowed, against his

objection, to put in, on his cross-examination, his answers in that suit, as evidence of the claims at that time set up by him as to the notes. These answers set up that the notes were without consideration, were usurious, had been paid, had been satisfied, and were barred by the defendant's discharge in insolvency.

The jury returned a verdict of guilty, and the judge, "deeming of sufficient importance the question whether the testimony of the clerk, in connection with the records and papers in evidence, was sufficient to authorize the jury to find that the defendant was sworn in such a manner and under such circumstances as to authorize a conviction of perjury," reported the case, by the defendant's request, so far as necessary to present that question for the determination of this court.

*A. A. Ranney,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

COLT, J. It appeared by the records and papers in evidence, that, after the defendant had sued out his writ of *audita querela,* and it had been regularly served, he made written application to the superior court, where the case was pending, for a writ termed by him in his application a writ of *supersedeas,* and praying for a stay of proceedings under the execution which he was seeking to annul, until the final hearing could be had. The facts upon which his petition was founded are therein fully set forth.

The superior court has power, after the issuing of a writ of *audita querela,* to "issue any writ of injunction which the nature of the case and justice and equity in their judgment require." Gen. Sts. *c.* 145, § 12. And the eighteenth rule of practice in that court requires all motions grounded on facts to be verified by affidavit. There can be no doubt, therefore, that an oath administered to a party in such a proceeding, for the purpose of establishing the truth of the facts stated, is an oath lawfully administered in the regular course of a judicial proceeding.

For falsely taking such an oath, the defendant has been found guilty of perjury, under an indictment which charges, in substance, that he was lawfully required by the superior court to make oath before the clerk of that court, and that he then and there, before the clerk, who had full power to administer it, did

make oath to the truth of the statements contained in the petition. The presiding judge submits the question "whether the testimony of the clerk, in connection with the records and papers in evidence, was sufficient to authorize the jury to find that the defendant was sworn in such a manner and under such circumstances as to authorize a conviction of perjury." We are all of opinion that the jury were authorized so to find, and that the verdict cannot be disturbed on this ground.

The petition is addressed to the justices of the superior court. The time of its filing is duly minuted thereon ; and under a heading of " Suffolk, ss. Superior Court," is a certificate that it was subscribed and sworn to before the clerk, signed by him in his official capacity, and bearing the same date. The clerk testified that there was no general or special order of the court to administer the oath, but that it was the general practice, and that the petition subscribed by the defendant was presented and sworn to by the defendant before him. There is no doubt that the superior court had authority to administer this oath in open court, or to direct its proper officer, the clerk, to do it. The Constitution, part 2, *c.* 1, art. 3, grants full power to courts and judicatories " to administer oaths or affirmations for the better discovery of truth in any matter in controversy or pending before them." It was proved, by the uncontradicted evidence of the clerk, to be the general practice of the superior court in such cases for the clerk to administer the oath; and proof of such practice is equivalent to proof of an express order of the court. *Dearie* v. *Ker*, 4 Exch. 82. *The King* v. *Koops*, 6 Ad. & El. 198. The presumption is, that legal proceedings properly certified were conducted legally ; and it is to be assumed, upon all the evidence in this case, in the absence of positive proof to the contrary, that the defendant was sworn to the truth of the facts stated in his petition, in open court, if that mode of administering the oath was necessary. Mere want of recollection on the part of the clerk, whether the defendant was sworn in court or in his office, cannot be permitted to control this presumption. *United States* v. *Babcock*, 4 McLean, 113. *Commonwealth* v. *Hatfield*, 107 Mass. 227.

The indictment sufficiently charges the perjury to have been committed in an oath taken before the court, and the evidence sustains the indictment.

The defendant further excepted to the admission of his answers in the original suit in which judgment was rendered and execution issued against him. They were offered by the government and admitted on the defendant's cross-examination. But without stopping to consider whether these answers were admissible, it is sufficient that upon the issue on trial they were wholly immaterial. The issue was upon the truth or falsity of the material fact stated in the petition, namely, that the execution had been paid and satisfied since judgment recovered. Upon that issue, it was not material what defence had been made in the original suit. Nor can we perceive that the defendant could have been in any way prejudiced by their admission.

*Exceptions overruled.*