COMMONWEALTH *vs.* DANIEL CALHANE.

**A** certificate of the clerk of a police court that a complaint to the court was "received and sworn to" is *prima facie* evidence that it was received and sworn to before the court when in session.

COMPLAINT by George W. Geary, addressed to the justice of the Police Court of Haverhill, charging the defendant with unlawfully keeping intoxicating liquors with intent to sell. The complaint bore the following certificate : " Received and sworn to the twenty-third day of September in the year eighteen hundred and seventy. J. K. Jenness, Clerk."

At the trial on appeal in the Superior Court, before *Putnam,* J., the defendant, being convicted, moved in arrest of judgment, because the complaint was not subscribed and sworn to as required by law, and because neither the Police Court nor the Superior Court had any jurisdiction thereof. The judge overruled the motion, and the defendant alleged exceptions.

*C. J. Noyes,* for the defendant. The only persons authorized to receive criminal complaints are judicial officers. Gen. Sts. c. 170, §§ 9, 10.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, J. The certificate of the clerk that the complaint, addressed to the justice of the Police Court of Haverhill, was

" received and sworn to " sufficiently shows, in the absence of any evidence tending to prove the contrary, that it was received and sworn to before the court, when in session, and when the clerk was authorized to certify to what took place. *Commonwealth* v. *Wingate*, 6 Gray, 485. *Commonwealth* v. *Clark*, 16 Gray, 88. *Richardson* v. *Burleigh*, 3 Allen, 479. *Commonwealth* v. *Kimball*, 108 Mass. 473.                                   *Exceptions overruled.*