LAPPLEY, Plaintiff in error, vs. THE STATE, Defendant
in error.

*November 7—December 2, 1919.*

*Perjury: In verifying complaint in civil action: Complaint as evi-
dence: Criminal law: Evidence: Forged receipts showing
similarity of handwriting: Instructions invading province of
jury.*

1. A complaint in a civil action pending in a court having juris-
diction to hear the cause is a material matter in the proceed-
ing, and an oath verifying it, being one in regard to a matter
before a court and authorized by law, will sustain a prosecu-
tion for perjury if wilfully and falsely and corruptly made.
2. The complaint itself was admissible in evidence to show that
it was a verified pleading and that defendant swore that the
facts stated therein were true, it not being received "as evi-
dence of a fact admitted or alleged in such pleading," within
sec. 2665, Stats.
3. In a prosecution for perjury, copies of an alleged forged re-
ceipt made by defendant at the direction of a court commis-
sioner in an adverse examination under sec. 4096 were prop-

Lappley v. State, 170 Wis. 356.

erly submitted to a handwriting expert and to the jury; and it was proper to receive the expert's opinion as to their similarity.

4. An instruction which is plainly limited to certain material facts is not erroneous as charging that all facts necessary to prove the crime were undisputed.

5. It is not error for the court to state to the jury that certain material facts are proven beyond controversy when they are established by the undisputed evidence.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE CLEMENTSON, Judge. *Affirmed.*

Plaintiff in error (defendant) was tried and convicted of perjury and brings error to reverse this judgment.

On December 30, 1892, defendant and his wife, Wilhelmina Lappley, borrowed from George Hook, the complainant and plaintiff in the mortgage foreclosure proceeding out of which this action arose, the sum of $800, giving their note for that amount. At the same time a real-estate mortgage securing the payment of the note was given to George Hook and signed by *Charles Lappley* and Wilhelmina Lappley, dated December 30, 1892. The complainant, George Hook, testifies that the note was never paid; that no claim was ever made by the defendant that the note was paid until some time in July, 1914, after foreclosure proceedings had been commenced and when the defendant asked for an extension of time from the complainant's attorney. The defendant admits paying interest on the note up to the year 1914, but claims that he discovered in July of that year that the note had been paid on June 30, 1900, by his wife. The wife became insane shortly after that date and was committed to an insane asylum in October, 1900. He admits that she experienced lucid periods up to the time of her death in 1918, and that he conversed with her in regard to business matters a number of times, but claims that she never told him of having paid the note in 1900, and that he knew nothing of the matter until he found a receipt bearing

the date June 30, 1900, signed by George H. Hook. Mr. Hook denied that the receipt, either signature or body, is in his handwriting, or that he had written it, or that it was in the handwriting of his wife or his children or any one employed as his agent.

On January 30, 1915, the plaintiff, Mr. Hook, was awarded judgment in the foreclosure proceeding against the defendant, which judgment was entered on the same day. On January 16, 1916, defendant instituted a proceeding in connection with the foreclosure action by verified petition, setting up the alleged receipt and payment of the note and praying that the foreclosure judgment be vacated and set aside. By stipulation this motion was dismissed upon its merits, and on September 26, 1918, the defendant commenced a civil action by swearing to a complaint which is the basis for this prosecution for perjury. This civil action is based upon the same alleged receipt from George Hook. On October 5, 1918, this criminal action of perjury against *Charles Lappley* was commenced.

The case was tried before the court and a jury and the defendant was found guilty. He was sentenced to serve a term of three years in the house of correction of Milwaukee county, which judgment he now seeks to reverse.

For the plaintiff in error there was a brief by *Gugel & Kline* of Milwaukee, and oral argument by *F. H. Gugel.*

For the defendant in error there was a brief by the *Attorney General* and *Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney, and oral argument by *Mr. Zabel.*

SIEBECKER, J. It is contended that the perjury charged in the information does not constitute a crime within the provisions of sec. 4471, Stats., upon the ground that perjury cannot be committed in verifying a pleading. The statute provides:

"Any person, being lawfully required to depose the truth,

on his oath, . . . legally administered, who shall wilfully and corruptly swear . . . to any matter or thing respecting which such oath . . . is by law authorized or required, . . . shall be deemed guilty of the crime of perjury; . . ."

No claim is made that the oath was not administered by an officer as charged. But it is argued that the verification by defendant of his complaint as a pleading in the civil action on which the charge is predicated was a wholly immaterial oath within the contemplation of the perjury statute, because under sec. 2665 pleadings may or may not be verified, and, whether verified or not, the facts therein stated to which defendant swore do not by operation of law make such oath a material matter or thing in such action. This claim wholly disregards the terms and significance of sec. 4471. A complaint in a civil action pending in a court having jurisdiction to hear the cause is a material matter in the proceeding, and an oath verifying it is one in regard to a matter before a court and is authorized by law. The facts of this case show that the verification by defendant of this complaint in question will in law sustain a prosecution for perjury under our statute if the defendant wilfully and falsely and corruptly swore to the material facts stated therein. *Comm. v. Kimball,* 108 Mass. 473; *Jones v. Ludlum,* 74 N. Y. 61; McClain, Crim. Law, sec. 859; *People v. Christopher,* 4 Hun, 805; *Taylor v. Robinson,* 26 Wis. 545.

It is claimed that the court erred in admitting the complaint and the verification thereof on which the charge of perjury is predicated as evidence in this criminal prosecution. The point is made that the provisions of sec. 2665, Stats., make it incompetent. The provision relied on reads: "And no pleading can be used in a criminal prosecution against the party as evidence of a fact admitted or alleged in such pleading." The complaint was not received as "evidence of a fact admitted or alleged," but was received to show that it was a verified pleading and that defendant swore that the facts stated therein were true.

Proof of the truth or the falsity of the facts thus sworn to in the complaint was required to be made by evidence other than by the contents of the complaint. Such use of the complaint is using it as evidence to show that the defendant did depose to the truth on his oath of the material matters therein stated in a proceeding before a court.

An exception is urged to the reception in evidence of the alleged forged receipt in connection with copies thereof that the defendant had made at the direction of the court commissioner in an adverse examination of him under sec. 4096, Stats., in a proceeding to vacate the judgment of foreclosure in the action of Hook v. Lappley. The defendant was there required to produce the alleged forged receipt showing payment of the mortgage, and upon its production he was directed by the commissioner to make copies of the receipt in the presence of the commissioner and counsel. These copies were offered in evidence and used as the genuine handwriting of the defendant in the trial of this criminal action and were so used and submitted to the witness called as an expert on handwriting and were submitted to the jury. We discover no error in so receiving and using these copies, nor was it error for the court to receive the expert's opinion as to the similarity of the handwriting of these copies and the alleged forged receipt. We think the expert was properly held by the court to be qualified to give his opinion in the matters elicited from him.

An objection is urged to the following instruction given the jury:

"There is no question but that the oath was administered properly in a legal proceeding by an officer authorized to administer it, and that all the elements of perjury, so far as the court and officer administering the oath and the character of the proceeding in which it was administered is required—every such requirement is indisputably proved by the evidence of the case."

It is averred that this instruction conveyed the idea to the jury that all the facts necessary to prove the crime of per-

jury charged were undisputed. We cannot so regard the instruction; it is plainly limited to refer to certain material facts as undisputed in the case, and the record sustains the court in this assumption. It is therefore not an objectionable instruction in view of the evidence in the case. Furthermore, the court fully brought to the attention of the jury in clear and explicit terms the other issues of fact which they were required to determine upon the evidence in the case to justify them in finding the defendant guilty of the crime charged. It is not error to state to the jury that certain material facts are proven beyond controversy when they are established by the undisputed evidence. *Cupps v. State,* 120 Wis. 504, 97 N. W. 210, 98 N. W. 546.

We have examined the exceptions called to our attention and find no reversible error in the record. The defendant had a fair and legal trial, and the conviction must stand.

*By the Court.*—The judgment is affirmed.