## WEAVER v STATE

Ohio Appeals, 9th Dist, Summit Co

No 1513, Decided Dec 10, 1928

Crabbe, Johnson, Crabbe & Williams, London, and D F Anderson, Youngstown, for Weaver.

Oscar A Hunsicker, Pros Atty, Akron, for State.

LLOYD, J

From an examination of the record we are of the opinon that the first two specifications of error are not well taken.

The chief error of which plaintiff in error complains is that the trial judge permitted the state to introduce in evidence the complaint filed in the action commenced by Weaver in Los Angeles County, California, it being claimed that **Sec. 11359** of the **General Code** prohibits the use as evidence of this pleading for any purpose. This statute creates a rule of evidence, and in our judgment is applicable to pleadings filed in actions in other jurisdictions, and offered in evidence on the trial of an action in a court in this state; although we have seriously considered the question as to whether this section of the Code refers to and includes pleadings filed in an action in a state other than Ohio. A general exception was taken to the admission in evidence of this complaint and the court was not requested to in any way restrict or to limit the purposes for which it was offered, and therefore if it was admissable for any purpose, the court did not commit prejudicial error, although we are of the opinion that the trial judge might very properly have advised the jury of the purposes for which it was received in evidence, and counsel might properly have requested him so to do. If this had been done and the trial judge had refused to comply therewith, we believe that prejudicial error would have resulted. This complaint could not be received as evidence to prove the allegations of the complaint, nor to disprove the truth of the testimony given by plaintiff in error in his deposition taken in the case pending in Summit County. What the facts were as to the condition of his eyes, whether as stated by him in this complaint or as testified to by him in the deposition taken in Akron, had to be proven by other evidence, and depositions of wittnesses residing in California were taken to show the condition of his eyes following the accident occuring in that state. In our judgment the complaint was admissible to show what the plaintiff in error claimed the facts were as to the condition af his eyes following the accident in Los Angeles, as tending to show, if the facts as so claimed by him were proven by competent evidence, his knowledge thereof at the time of giving his testimony in the deposition in the Akron case upon which the indictment was founded, and his intent in so testifying.

Lappley vs. Wisconsin, 170 Wis., 356, 359; 7 A. L. R., 1279, 1282;

Finding none of the alleged errors prejudicial to the plaintiff in error, the judgement is affirmed.

Richards and Williams, JJ, concur.