## Ex parte DEE PACK.

No. A-8172.  Opinion Filed July 11, 1931.
(1 Pac. [2d] 817.)

W. A. Corley, W. W. Miller, and J. T. Parks, for petitioner.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., E. G. Carroll, Co. Atty., Pete Helton, and H. T. Williams, for respondents.

CHAPPELL, J.   Dee Pack filed his petition in this court for a writ of habeas corpus, alleging that he was illegally restrained of his liberty by Bill Parker, sheriff of

Adair county, Okla., and confined in the county jail of said county.

Petitioner alleges that he is charged with the offense of subornation of perjury, in that he, on the 2d day of March, 1931, caused one Clyde Morris to make and subscribe a false affidavit before J. R. Morris, a notary public in Adair county.

The undisputed facts in the case appear to be that verbal complaint was made by certain persons to Honorable Wm. H. Murray, Governor of the state, that Bill Parker, sheriff of Adair county, was not enforcing the prohibitory laws of that county; that the Governor gave verbal directions to Jesse Dunn, a deputy of the Bureau of Criminal Identification, to make an investigation of the conditions complained of and report back to the Governor; that thereupon Dunn went to Adair county, and, accompanied by Dee Pack the petitioner, Mose Crittenden, and Sam Kirk, called on numerous persons, among whom was Clyde Morris; that Dunn was also accompanied by J. R. Parris, a notary public in Adair county; that a certain affidavit was prepared by Parris and signed and sworn to by Morris, whereupon Morris swore that he had an arrangement with Bill Parker, sheriff, to be allowed to sell whisky in said county and to pay the sheriff 50 cents a gallon for such privilege, and in pursuance of such agreement he did make and sell whisky and did pay the sheriff at one time $15 for such privilege; that the affidavits so taken were brought by Dunn and left at the Governor's office and that the same have disappeared and their whereabouts are unknown; that no proceedings had been filed to oust the sheriff nor had any sort of action been started in any court at the time the affidavits in question were taken.

After the affidavits had been made, Clyde Morris and others who had made them were arrested by the sheriff, charged with violation of the prohibitory liquor laws, and thereafter made other affidavits repudiating the statements made in their first affidavits.

That shortly after these affidavits were taken and had been lost, the Governor commissioned W. O. Bruton, an attorney of Sequoyah county, to conduct an investigation of the official conduct of Bill Parker and directed him if the evidence warranted, to file ouster proceedings against him to remove him from office; that when Bruton had finished his investigation he decided not to file charges, and no proceedings were ever had or filed to oust the sheriff from office. That the county attorney then filed complaint in the county court of Adair county against Dee Pack, Mose Crittenden, and Sam Kirk, charging them with subornation of perjury in the taking of the affidavit of Clyde Morris.

Section 1628, C. O. S. 1921, defines "perjury" as:

"Any person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury."

Section 1640, C. O. S. 1921, provides:

"Any person who willfully procures another person to commit any perjury, is guilty of subornation of perjury."

In United States v. Bedgood (D. C. So. District of Alabama), 49 F. 54, that court said:

"Perjury consists of a false oath to a material point, administered by one having legal authority, in a proceeding valid and regular in law."

The first question to be considered is:

Was the oath complained of administered pursuant to and required by any law of the state of Oklahoma?

Chapter 127, Session Laws 1925, creates the Bureau of Criminal Identification and provides its powers and duties. The sections pertinent to this opinion are 11, 12, and 13, which read as follows:

"Section 11. The various members of the bureau are hereby authorized and empowered to make arrests without warrants for all violators of the law they may witness; to serve and execute warrants issued by the proper local authority; and shall have and exercise throughout the state the powers of sheriff, constable and municipal police officers, except the service of civil process.

"Section 12. The bureau with the approval of the Governor may be called upon by any other department of the state government to aid in enforcing all laws applicable or pertaining to that department or any regulation thereof.

"Section 13. The bureau shall be independent of the peace and police authorities of the counties and municipalities of the state, but shall co-operate with the officers of the counties and municipalities in the detection of crime, the apprehension of criminals and the preservation of the law and order throughout the state; it being the purpose of this act to aid in the preservation of peace, the prevention and detection of crime and the apprehension and conviction of criminals."

Our attention has not been called to any other statute which would require or authorize the administration of the oath in question.

It is evident from an examination of these sections of the statute that the oath in question was not administered pursuant to, nor required nor authorized by such sections.

Section 1500, Comp. St. 1921, reads as follows:

"No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code. The words 'this code,' as used in the 'penal code' shall be construed to mean 'statutes of this state.'"

In the case of City of Shawnee v. Landon, 3 Okla. Cr. 440, 106 Pac. 652, this court said:

"Penal statutes cannot be enlarged by implication or extended by inference. No person can be convicted of a crime unless the act committed is within both the letter and the spirit of a penal statute." See, also, White v. State, 4 Okla. Cr. 143, 111 Pac. 1010; Myers v. State, 19 Okla. Cr. 138, 197 Pac. 884, 18 A. L. R. 1057; State v. Smith, 19 Okla. Cr. 195, 198 Pac. 879.

In Ex parte Ellis, 3 Okla. Cr. on pages 224, 225, 105 Pac. 184, 186, 25 L. R. A. (N. S.) 653, Ann. Cas. 1912A, 863, this court said:

"In general, any material statement made under oath in any proceeding, or in relation to any matter in which oath is authorized, or required by law, may be the subject of perjury, or subornation of perjury. * * *"

It is a general rule that perjury cannot be predicated on an oath which is not required by law. See, also, State v. McCarthy, 41 Minn. 59, 42 N. W. 599; United States v. Dupont (D. C.) 176 F. 823; State v. Wyatt, 3 N. C. 56; People v. Fox, 25 Mich. 492; Morgan v. State, 45 Okla. Cr. 268, 282 Pac. 1110.

The next question to be considered is: Will habeas corpus lie in a case of this character?

In Ex parte Show, 4 Okla. Cr. 416, 113 Pac. 1062, this court said

"The general rule is that the writ of habeas corpus may not be used, either before or after conviction, to test

the sufficiency of an indictment or information; but the rule is subject to the qualification that when the accusation is not merely defective or technically insufficient, not merely demurrable or subject to a motion to quash, but is fundamentally defective in substance, so that it charges a crime in no manner or form and by no intendment, a party in custody to answer thereto, or after conviction thereon, will be discharged on habeas corpus."

To the same effect is Ex parte Thornton, 29 Okla. Cr. 382, 234 Pac. 217; Ex parte Sneed, 38 Okla. Cr. 81, 259 Pac. 156; Ex parte King, 41 Okla. Cr. 241, 272 Pac. 389.

It is apparent from an examination of the complaint in the case at bar that the state will be unable to amend the same to show that the oath upon which the perjury is predicated was taken or administered by authority of law.

The complaint, showing upon its face that the oath upon which the charge of subornation of perjury is founded was not administered pursuant to nor authorized by any law of this state, charges no offense, and the petitioner is entitled to his discharge.

Writ allowed.

DAVENPORT, P. J., and EDWARDS, J., concur.