THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BARBARA WATSON, Defendant-Appellee.

Fourth District   No. 15756

Opinion filed June 27, 1980.—Rehearing denied August 1, 1980.

650

C. Joseph Cavanagh, State's Attorney, of Springfield (Gary J. Anderson, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Andrew Raucci, of Kusper & Raucci, Chartered, of Chicago, for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

The charge was perjury before the State Board of Elections.

Motion to dismiss was allowed.

We reverse and remand.

Specifically, it was charged that, where by law an oath was required, defendant made a false statement which was material to the issue in question—the notarizing of circulators' petitions which she did not believe to be true. The alleged false statements consisted of the following:

"Q. Were there any sheets that you received that had already been signed by circulators that you had notarized?

A. Possibly could have been picked up in the stack, but the best of my knowledge, no, that they would sign at least one in front of me.

Q. So your testimony is just so that I'm clear, is that every sheet that you notarized you either saw the person sign the sheet or the person told you that they had signed, the sheet, is that correct?

A. There was an instance where I notarized one set of petitions. There were several of them, of a person that was not there physically at the time. She had called me and had—she has used— she had at one time worked on our staff. I knew her signature and she sent it in by her son. She could not get in the office but I did know her signature and I did compare it with our old payroll records.

Q. Now, is there anybody else that you remember whose sheets you notarized but that you did not see sign?

A. Not that I remember. At times it got a little hectic but that is the only one. And like I say, she used to work in our office and I knew her signature."

Defendant filed a motion to dismiss the indictment prior to trial, asserting that the indictment failed to charge the offense of perjury in that the answers of the defendant were totally unresponsive to the questions and could not be the basis on which to predicate the charge of perjury, and that the indictment was fatally defective for charging the offense of perjury where by law no oath was required. The trial court held that the questioner at the State Board of Elections hearing should have pinned down the defendant to a greater extent. The court stated that it was not ruling on whether the oath was required by law. This appeal is from the trial court's dismissal of the indictment.

The State initially asserts that the questions and answers as set forth in the indictment were specific enough to support a charge of perjury. We agree.

■■ It is fundamental that the burden is on the questioner to pin the witness down to the specific object of the questioner's intent. (*People v. Wills* (1978), 71 Ill. 2d 138, 374 N.E.2d 188.) A defendant cannot be convicted of perjury for a truthful answer to a question subject to various interpretations. The questions must be stated in such a precise way as not to require interpretation or construction by those who are required to answer them under oath. (*People v. White* (1974), 59 Ill. 2d 416, 322 N.E.2d 1.) Moreover, the questions and answers at issue must be interpreted in the context of what immediately preceded and succeeded them. A charge of perjury may not be sustained by the device of lifting a statement of the accused out of its immediate context, thus giving it a meaning wholly different than that which its context clearly shows. *Wills*.

■■ A careful reading of the indictment indicates that the three answers that defendant gave to the questions posed to her before the State Board of Elections were responsive and specific so as to constitute the offense of perjury. Taken as a whole, those questions and answers clearly show that defendant was stating she notarized no petitions other than those which the circulators either signed in front of her, acknowledged their signature, or, in one case, telephoned and acknowledged the signature.

■■ Defendant also argues that her answers were merely statements of her state of mind and suggests that this highlights the fact that the answers were unresponsive and unspecific to the questions asked. We are not persuaded. The defendant's use of the terms "possibly," "to the best of my knowledge," and "not that I remember," was not an attempt to equivocate her answers. Rather, defendant was expressing her belief. As this court stated in *People v. Drake* (1978), 63 Ill. App. 3d 633, 380 N.E.2d 522, a statement of belief or opinion may constitute perjury when, as a matter of fact, the witness had no such belief or opinion.

Defendant also argues that even if we disagree with the trial court's conclusion as to the specificity of the questions and responses, we should still affirm because a hearing before the State Board of Elections is not a proceeding where by law the giving of an oath is required. Again, we disagree.

The statute under which defendant was indicted defines the offense of perjury as follows:

> "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true." Ill. Rev. Stat. 1979, ch. 38, par. 32—2(a).

The hub of defendant's argument is an interpretation of section 10—10 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—10), which states that the electoral board shall have the power to administer oaths and to subpoena and examine witnesses. Reading this section literally, defendant asserts that no oath is "required." We disagree.

■■ A voluntary oath neither required nor authorized, that is, not provided for by law, cannot constitute perjury. The oath must have been administered on an occasion permitting of its lawful administration. In other words, it must appear that the oath is material in the sense of being required by law. The oath is "required by law" if the statement must be sworn to before it can be used for the legal purpose intended. 70 C.J.S. *Perjury* §20(a) (1951).

In *Loraitis v. Kukulka* (1953), 1 Ill. 2d 533, 116 N.E.2d 329, our supreme court took a similar position. The perjury statute in effect at the time of *Loraitis* stated that "[e]very person, having taken a lawful oath or

made affirmation, in any judicial proceeding, or in any other matter where by law an oath or affirmation is required, who shall swear or affirm willfully, corruptly and falsely, in a matter material to the issue or point in question * * * shall be deemed guilty of perjury * * *." (Ill. Rev. Stat. 1951, ch. 38, par. 473.) The court determined that a defendant could be guilty of a violation of this statute for making a false statement in a verified answer to complaint, even though that person was not required by law to verify his answer.

> "The law attaches superior effect to statements made under oath, and the statute is designed to insure that all such statements merit the trustworthiness which the law assigns to them. The statute thus applies to affidavits as well as testimony. [Citation.] The principle behind it makes it equally applicable to verified pleadings. Since the amended complaint in this case was not itself verified, the answer need not have been sworn to. [Citation.] Neither the language nor the purpose of the statute, however, limits it to statements which are required to be verified. It is sufficient if they are authorized to be verified and are in fact verified." 1 Ill. 2d 533, 538, 116 N.E.2d 329, 331.

The defendant argues that the 1951 statute is markedly different from the present perjury statute under which the defendant was indicted. Our examination of the statute indicates, however, that the operative terms are substantially identical and that the supreme court's declaration in *Loraitis* is highly persuasive.

The trial court's dismissal of the indictment is hereby reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

GREEN and WEBBER, JJ., concur.