[No. 6799-4-II.   Division Two.   April 11, 1985.]

NORTHWEST STEEL ROLLING MILLS, INC., *Respondent,* v. THE DEPARTMENT OF REVENUE, *Appellant.*

238

Kenneth O. Eikenberry, Attorney General, and James R. Tuttle, Assistant, for appellant.

Robert I. Betts, for respondent.

WORSWICK, C.J.—Are slagging chemicals, used in manufacturing new steel products from scrap steel, exempt from sales and use taxes?[1] The Department of Revenue ruled that they were not. It assessed unpaid taxes and interest thereon for several years against Northwest Steel Rolling Mills, Inc. Northwest paid the assessment and sued for a refund. The trial court held that the chemicals were exempt. It ordered the Department to refund the disputed amount. We reverse.

---

[1] RCW 82.04.050(1)(c) and RCW 82.04.190(1)(c) exempt from the definitions of "retail sale" and "consumer," respectively: "[A] chemical used in processing, when the primary purpose of such chemical is to create a chemical reaction directly through contact with an ingredient of a new article being produced for sale . . ."

The trial court's findings are undisputed save for one which, nevertheless, is supported by substantial evidence and will not be disturbed. *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 638 P.2d 1231 (1982). A summary of the findings follows.

Northwest manufactures new steel products (reinforcing bar and merchant bar) from scrap steel which is first melted and refined in electric arc furnaces. The refining process includes the removal of impurities from the scrap steel through the use of slagging chemicals. These include calcium carbonate, calcium oxide, and "Oliflux" (a combination of silicone oxide and magnesium oxide). They are added to the scrap after it is melted and react with impurities in the molten steel to form slag which settles to the bottom of the mass. The purified steel then becomes the raw material for the new products. As the chemicals are mixed with the melted scrap, they can be said to contact the ingredients of the final products. The chemical reaction, however, is with the impurities rather than with the steel ultimately used by Northwest to make the articles it sells.

A sales tax is imposed on each retail sale within the state. RCW 82.08.020. A use tax, levied at the same rate as the sales tax, is imposed on any person who uses an item of tangible personal property as a consumer. RCW 82.12.020. A consumer is exempt from the use tax if he has paid sales tax. RCW 82.12.0252.

"Retail sales" are defined in RCW 82.04.050. "Consumer" is defined by RCW 82.04.190. Applying these definitions, Northwest would be liable for sales or use taxes on the chemicals, either because it purchased them at retail or because it used them as a consumer, unless exempted by some other statutory provision. As previously noted, both sales and use tax statutes contain the identical exemption at issue. Footnote 1, *supra; see* RCW 82.08.010(4); RCW 82.12.010(5).

The trial court's finding of fact 5 is of pivotal importance:

The slagging chemicals come into direct contact with the ingredients of the finished product, although the

240

chemical reaction is primarily[2] with the impurities sought to be removed for the purpose of removing undesirable elements from the mix.

Northwest urged, and the trial court held, that this finding brings Northwest under the exemption. We disagree. We hold that the language of the exemption is clear, and that it does not apply to the process used by Northwest.

█ █ When statutory language is plain the statute is not open to construction or interpretation. *Green River Comm'ty College v. Higher Educ. Personnel Bd.*, 95 Wn.2d 108, 622 P.2d 826 (1980), *modified*, 95 Wn.2d 962, 633 P.2d 1324 (1981); *Allen v. Employment Sec. Dep't*, 83 Wn.2d 145, 516 P.2d 1032 (1973). A court must give effect to every phrase or word in a statute wherever possible. *United Parcel Serv., Inc. v. Department of Rev.*, 102 Wn.2d 355, 687 P.2d 186 (1984); *Nisqually Delta Ass'n v. DuPont*, 95 Wn.2d 563, 627 P.2d 956 (1981). Every word is to be given its ordinary meaning. *Pacific Northwest Alloys, Inc. v. State*, 49 Wn.2d 702, 306 P.2d 197 (1957).

The exemption applies only to chemicals that "create a chemical reaction directly through contact with an ingredient of a new article being produced". "Directly" means "without any intervening space or time" (*Webster's Third New International Dictionary* 641 (1969)); "through," when used in this context, means "by reason of: on the basis of: because of". *Webster's Third New International Dictionary* 2384. Consequently, the exemption covers only those chemicals that react *because of* their contact with an *ingredient* of a new product. Finding 5 says only that, although the chemicals contact ingredients of the final product, they *react* with impurities in the mixture. It must follow that the reaction takes place because of contact with the impurities, not because of contact with the ingredients. The trial court did not find that the reaction occurs

[2]Although "primarily" was the word used in this finding, there is no other finding, and no evidence to support one, that the chemicals react with anything but the impurities. We therefore consider this word superfluous.

"through [because of] contact" with an ingredient of the final product. Therefore, the exemption does not apply.

Reversed.

REED and PETRICH, JJ., concur.

Reconsideration denied May 13, 1985.

Review denied by Supreme Court July 26, 1985.