[No. 16436–8–I.   Division One.   April 20, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT C. PLANK, *Appellant.*

*Mark W. Muenster* of *Washington Appellate Defender Association,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *David C. Cottingham* and *Martha V. Gross, Deputies,* for respondent.

GROSSE, J.—The principal issue raised by this appeal is whether or not a person who fails to appear before a court after release on personal recognizance should be charged with a crime pursuant to RCW 10.19.130, or pursuant to a later legislative enactment, RCW 9A.76.170. In this case, appellant was charged and convicted under RCW 10.19.130. We hold that the later legislative enactment repealed RCW 10.19.130 by implication and reverse.

The appellant failed to appear for the second day of trial on a charge of possession of stolen property, a charge for which he was subsequently convicted and sentenced. Appellant's sole excuse for his failure to appear was that he went out on the town on the night preceding the second day of trial and became so severely intoxicated as to require hospitalization.

Both of the statutes in question in this appeal were enacted by the 1975 Legislature. Laws of 1975, 1st Ex. Sess., ch. 2, § 1, codified as RCW 10.19.130, provides as follows:

Any person, having been released on personal recognizance with the requirement of a subsequent personal appearance before any court of this state, who wilfully fails to appear when so required by the court shall be guilty of a crime. Unless otherwise shown, failure to appear when required shall be presumed to be wilful. The penalty for wilful failure to appear shall be a fine of not more than ten thousand dollars or imprisonment for not more than five years, or both. The penalty imposed under this section shall not exceed the maximum penalty for the original crime charged or, if there has been no charge, the offense for which the person was arrested.

Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.76.170, codified as RCW 9A.76.170, and amended by Laws of 1983, 1st Ex. Sess., ch. 4, § 3, provides as follows:

(1) Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who knowingly fails to appear as required is guilty of bail jumping.

(2) Bail jumping is:

(a) A class A felony if the person was held for, charged with, or convicted of murder in the first degree;

(b) A class B felony if the person was held for, charged with, or convicted of a class A felony other than murder in the first degree;

(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;

(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor.

RCW 10.19.130 took effect on September 8, 1975. RCW 9A.76.170 is effective only with respect to offenses committed on or after July 1, 1976.

█ █ The precise issue faced by this court was the subject of an opinion of the Attorney General, AGO 11 (1978). In that opinion the Attorney General succinctly stated the

rule with regard to repeals by implication and analyzed the application of that rule to these circumstances as follows:

> It is true, of course, that the repeal of a statute by implication is not favored in the law. A later act will not repeal an earlier enactment except in instances where (a) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject or where (b) the two acts are so clearly inconsistent with and repugnant to each other that they cannot be reconciled and both given effect with reasonable construction. *Liquor Control Bd. v. Personnel Bd.,* 88 Wn.2d 368, [561] P.2d [195] (1977). Nevertheless, in this case, we believe that both exceptions to the general rule are here applicable. Clearly, chapter 260, *supra,* the new criminal code, covers the entire subject matter of the earlier legislation, is complete in itself and was intended to supersede all prior legislation on the same subject. In addition, given the same premise that both statutes cover, *inter alia,* persons released by court order on their personal recognizance, it further follows that both acts are so clearly inconsistent with and repugnant to each other that they cannot be reconciled and given effect with reasonable construction. For example, a defendant on personal recognizance following a class A felony charge who wilfully fails to appear subjects himself to an additional class B felony charge pursuant to RCW 9A.76.170. This could result in imprisonment for a period of 10 years and a $10,000 fine. However, if he were to be charged, instead, pursuant to RCW 10.19.130, the maximum punishment would be imprisonment for five years with a $5,000 fine. Such a statutory dichotomy could, in fact, well be held to be unconstitutional under such cases as *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970).

AGO 11, at 6 (1978). We adopt the reasoning and conclusion of the Attorney General. In addition, we note an additional repugnancy exists as a result of the presumption of willfulness contained in RCW 10.19.130. Under the reasoning of *State v. Johnson,* 100 Wn.2d 607, 674 P.2d 145 (1983), this type of presumption is unconstitutional.

This matter is reversed and remanded to the trial court

with instructions to dismiss.

WILLIAMS and COLEMAN, JJ., concur.