[Nos. 19231–1–I; 19365–1–I. Division One. June 27, 1988.]

THE CITY OF BELLEVUE, *Respondent,* v. MICHAEL MOCIULSKI, *Petitioner.*

THE CITY OF BELLEVUE, *Respondent,* v. HENRY WOZOW, *Petitioner.*

*Ottis W. Hollowell* and *Scott McDonald,* for petitioners.

*Robert McSeveney, City Attorney,* for respondent.

GROSSE, J.—These two cases have been consolidated on appeal because they raise the same issues. Appellants challenge the admission of certain evidence.

Each appellant was stopped and cited for speeding in the City of Bellevue, one in late 1985 and the other in early 1986. Measurement of vehicular speed was determined by use of radar units. Each contested his citation and requested a hearing. At both hearings the City offered evidence of speed through an affidavit of the officer who made the stop wherein the officer described his visual estimation of the speed of each appellant and stated the radar reading. Over objection, the district court admitted a radar technician's certified report describing reliability of the design, construction, and function of the electronic speed measuring device. At separate hearings, the court found that each appellant had committed the infraction. They both appealed to the superior court which affirmed. Each appellant then petitioned this court for discretionary review.

The appellants raise two issues on appeal. The first issue is whether the exception to the hearsay rule which permits

the admission of an expert's report of test results in lieu of testimony, described in former JCrR 4.09(c)(1), applies to contested hearings for traffic infractions. The second issue is whether the technician's certified report was properly admitted for the purpose of authenticating the accuracy of the radar device.[1]

Appellants argue that the former Justice Court Criminal Rules are not applicable to contested traffic hearings by the clear language of the rules, therefore, the trial court erred in admitting the certified report of the technician pursuant to JCrR 4.09(c)(1).[2] They further contend that even if the

---

[1]Appellant Wozow also challenged the sufficiency of the officer's training in the use of the radar device. Here, as in *Seattle v. Peterson*, 39 Wn. App. 524, 693 P.2d 757 (1985), the affidavits of the officers provided information from which the trial court could find the officers qualified.

[2]As the traffic infractions occurred in late 1985 and 1986, we must apply former JCrR 4.09. JCrR 4.09(c)(1) provided:

The official written report of an expert witness which contains the results of any test of a substance or object which are relevant to an issue in a trial shall be admitted in evidence without further proof or foundation as prima facie evidence of the facts stated in the report if the report bears the following certification:

TEST CERTIFICATION

The undersigned certifies under penalty of perjury that:

1. He performed the test on the (substance) (object) in question,

2. The person from whom he received the (substance) (object) in question is: _____,

3. The document on which this certificate appears or to which it is attached is a true and complete copy of my official report, and

4. Such document is a report of the results of a test which report and test were made by the undersigned who has the following qualifications and experience: _____.

_____.

Signature

Title

Business Address and Phone

The Justice Court Criminal Rules were rescinded and new rules (the CrRLJ's) were adopted, effective September 1, 1987. CrRLJ 6.13 covers the same subject matter as former JCrR 4.09 and specifically provides for admission of a report by

criminal rules are applicable to traffic cases, the certified report was improperly admitted because it did not meet the foundational requirement of ER 901.

Courts are to apply ordinary rules of statutory construction when construing the rules of the court. *Emwright v. King Cy.*, 96 Wn.2d 538, 637 P.2d 656 (1981). The omission of the exception to the Rules of Evidence described in JCrR 4.09(c)(1) from the traffic rules indicates an intent not to allow such evidence in contested traffic cases.[3] Strict application of the rules of statutory construction would dictate the conclusion that the criminal rules are not applicable to traffic rules. On the other hand, numerous provisions in the criminal and traffic rules cross reference each other. Such reference provisions are "frequently used to avoid encumbering the [rule] books by unnecessary repetition". *Knowles v. Holly,* 82 Wn.2d 694, 700, 513 P.2d 18 (1973). Further, a construction of the traffic rules prohibiting the use of the exception contained in JCrR 4.09, would be counterproductive to the purpose of the traffic rules, which is to secure the just, speedy, and inexpensive determination of traffic cases. JTIR 1.1(b). Requiring live testimony

---

an expert regarding the accuracy of the design and construction of a radar device. CrRLJ 6.13(d).

[3] JTIR 3.3(c) provides:
 The Rules of Evidence shall apply to contested hearings.
JTIR 1.1 provides:
 **(a) Scope of Rules.** These rules govern the procedure in courts of limited jurisdiction for all cases involving "traffic infractions." Traffic infractions are violations of the traffic laws defined by RCW 46.63.
 **(b) Purpose.** These rules shall be construed to secure the just, speedy, and inexpensive determination of every traffic case.
 **(c) Effect of Other Law.** These rules supersede all conflicting rules and statutes covering procedure for traffic infractions unless a rule indicates a statute or rule controls. Provisions of statute or rule not inconsistent with these rules shall remain in effect.
The traffic rules do not contain the exception to the hearsay rules for expert reports that is provided in the criminal rules. It is interesting to note, however, former JTR T3.05 did provide for the admission of a certificate regarding maintenance and function of a Breathalyzer machine in lieu of live testimony in traffic cases.

regarding the construction, function, and reliability of radar devices in each contested traffic infraction case would be costly and time consuming.

 While on their face it appears there is a conflict between former JCrR 4.09(c)(1), which provides a hearsay exception for the expert report, and JTIR 3.3, which does not, a careful reading of the Rules of Evidence, particularly ER 104(a), resolves any apparent inconsistency.[4] As will be discussed in our analysis of the second issue, the trial court may consider evidence like the report to determine the preliminary question of the authenticity of the radar device, although the same evidence may not otherwise be admissible. We emphasize that we are not deciding the question of whether all of the subsections of former JCrR 4.09 apply to traffic hearings; our holding only answers the question of whether the section admitting the expert report conflicts with the related traffic rule.

Next, appellants objected to the admission of the radar technician's report on the grounds that there was insufficient foundation to support authentication of the radar device.[5]

The evidence sought to be admitted in each case was the radar speed as measured by the officers. Before this evidence can be admitted, a trial court must first determine the authenticity of the speed measuring device. That is, there must be evidence showing that the speed measuring device records accurate results. To authenticate the speed measuring devices used in the instant cases, the City introduced the certified report of a radar technician which indicated certain speed measuring devices were examined under

---

[4]Inconsistent has been construed to mean so antithetical that it is impossible as a matter of law that they can both be effective. *Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 665 P.2d 918 (1983).

[5]As in *Seattle v. Peterson, supra*, the appellants do not challenge the reliability of the Doppler principle, but do contend that the report was insufficient to show the machines from which the measurements were obtained were designed, constructed, and calibrated so as to be reliable.

his direction; described how each speed measuring device was tested and calibrated; and opined that each of the devices was constructed and designed to accurately measure the speed of motor vehicles. This report was an out-of-court statement made for the truth of its contents.

The traffic rules provide that the Rules of Evidence apply in contested traffic hearings. JTIR 3.3(c). Further, *Seattle v. Peterson,* 39 Wn. App. 524, 693 P.2d 757 (1985) requires a radar device to be authenticated or, in other words, shown to be reliable, before evidence of its results are admissible. *See also* ER 901(b)(9).[6] The admissibility of evidence which requires authentication is a preliminary matter governed by ER 104. More particularly, it is a matter of conditional relevance, governed by ER 104(b). 5A K. Tegland, Wash. Prac, *Evidence* § 451, at 314 (2d ed. 1982). This means the trial court must determine the existence of a prima facie case of genuineness before the evidence here, the radar reading, is deemed admissible. A trial court is not restricted by the Rules of Evidence when determining authenticity; rather, ER 104(a) permits the trial court to consider evidence which might otherwise be inadmissible. 5A K. Tegland § 452, at 319 n.4. Although the evidence considered to make the authentication determination need not be admissible, it must be reliable. *State v. Jones,* 50 Wn. App. 709, 750 P.2d 281 (1988); comment, ER 1101-(c)(1).

In fact, the authentication of the speed measuring device involves a compound determination. Before the machine is deemed reliable, the witness testing the machines or monitoring the testing must first show his/her

---

[6] "Under Rule 901(b)(9) a process or system which is used to produce a result may be authenticated by evidence that describes the process or system and shows that an accurate result is produced. . . .

" . . .

"It is not entirely clear whether Rule 901(b)(9) is intended to govern the authentication of demonstrative evidence . . . or so-called scientific evidence such as breathalyzer results." (Footnotes omitted.) 5A K. Tegland, Wash. Prac., *Evidence* § 462, at 335–36 (2d ed. 1982).

qualifications to make and/or evaluate the tests. The witness must first qualify as an expert via knowledge, skill, experience, training, or education. ER 702. After the witness has qualified as an expert, he/she must show that the machines passed the requisite tests and checks. Only then can the speed measuring devices be deemed reliable. Again, the questions concerning the expert's qualifications are preliminary matters governed by ER 104.

In sum, the certified report of the technician substantially conformed to the sample certificate provided in the new criminal rules adopted after these traffic infractions occurred. For purposes of the preliminary question of authentication, it was sufficiently reliable. Because the radar device was reliable, the testimony of each officer as to his visual estimate of each appellant's speed and the radar reading was admissible. Because neither appellant testified at his hearing, there was no evidence to refute the accuracy of each officer's testimony and the trial court properly found each appellant guilty.

Affirmed.

WEBSTER and WINSOR, JJ., concur.

Review denied by Supreme Court November 1, 1988.