[No. 13082–3–II.   Division Two.   February 22, 1991.]

THE STATE OF WASHINGTON, *Appellant,* v. KURT
HOVRUD, *Respondent.*

574

*Steward Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for appellant.

*Gary Williams,* for respondent.

WORSWICK, C.J.—The State appeals an order in arrest of judgment (CrR 7.4), setting aside Kurt Hovrud's conviction for false swearing. RCW 9A.72.040. We affirm.

Hovrud allegedly lied under oath while being interrogated by his insurance company's lawyer, who was investigating Hovrud's fire loss claim. The examination under oath was required by a provision in Hovrud's standard form insurance policy.

RCW 9A.72.040 provides, in relevant part:

> (1) A person is guilty of false swearing if he makes a false statement, which he knows to be false, *under an oath required or authorized by law.*

(Italics ours.) Unlike the statutes involved in *People v. Watson,* 85 Ill. App. 3d 649, 406 N.E.2d 1148 (1980) and *State v. Devitt,* 82 Wis. 2d 262, 262 N.W.2d 73 (1978) on which the dissent relies, RCW 9A.72.010(3) defines the phrase "required or authorized by law", as follows:

> [a]n oath is "required or authorized by law" when the use of the oath is *specifically provided for by statute or regulatory provision . . .*

The State argues that the requirement of statutory authorization was satisfied in this case because Hovrud's insurance policy, a "standard fire policy," permitted an

examination under oath and was an approved policy under a regulation promulgated within his statutory authority by the Insurance Commissioner.[1] We disagree.

■■ A penal statute must be literally and strictly construed in favor of the accused. *State v. Hornaday,* 105 Wn.2d 120, 127, 713 P.2d 71 (1986). The statute must give a definite warning of the prohibited conduct. *State v. Dougall,* 89 Wn.2d 118, 121, 570 P.2d 135 (1977).[2] RCW 9A.72.040 did not warn Hovrud that he would be exposed to criminal prosecution by taking the insurance company's oath.

■■ The dissent argues that the requirement that the oath be specifically provided for by the regulation is satisfied because of a statutory principle of incorporation by reference. The dissent would extend that principle to hold that a regulation incorporates by reference all provisions of an insurance policy, including the oath provision in Hovrud's policy that the regulation by inference permitted but did not require. The argument is flawed for two reasons.

---

[1]RCW 48.18.120 provides, in relevant part:

"(1) The [insurance] commissioner shall, after hearing, from time to time promulgate such rules and regulations as may be necessary to define and effect reasonable uniformity in all basic contracts of fire insurance which are commonly known as the standard form fire policies and may be so referred to in this code, and the usual supplemental coverages, riders, or endorsements thereon or thereto, to the end that such definitions shall be applied in the construction of the various sections of this code wherein such terms are used and that there be a reasonable concurrency of contract where two or more insurers insure the same subject and risk. . . ."

WAC 284–20–010(3) provides:

"(3) Except for the provisions of the next succeeding three paragraphs, no company shall issue any basic contract of fire insurance covering property or interest therein in this state other than on the form known as the 1943 New York Standard Fire Insurance Policy, herein referred to as the 'standard fire policy':

. . ..

". . . .

"(c) As an alternative form, a form written in clear, understandable language, which provides terms, conditions and coverages *not less favorable to the insured* than the 'standard fire policy,' may be used. . . ." (Italics ours.)

[2]The dissent argues that *Dougall* is distinguishable. Surely it is, but the principle for which we cite it is not.

First, the dissent offers no authority and we know of none for the proposition that a statute incorporates other statutes by reference without ever referring to them. *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973), on which the dissent relies, simply dealt with the validity of common "reference statutes": legislation that both *refers to* and, by reference *adopts,* previous legislation. WAC 284–20–010(3) incorporates nothing by reference; it merely authorizes any form of insurance policy that, vis–a–vis policyholders, is at least as generous as the "standard" policy it identifies. Second, the dissent fails to reconcile its proposed application of this incorporation by reference principle, the only purpose of which is to save paper in the statute books (*Knowles,* 82 Wn.2d at 700), with the strict construction principles always applied to criminal legislation. *See State v. Sayler,* 36 Wn. App. 230, 673 P.2d 870 (1983).[3] *See also Ex parte Pack,* 51 Okla. Crim. 277, 1 P.2d 817 (1931).

■ Every word in a statute must be given effect whenever possible, and every word not defined in the statute must be given its ordinary meaning. *Northwest Steel Rolling Mills, Inc. v. Department of Rev.,* 40 Wn. App. 237, 698 P.2d 100, *review denied,* 104 Wn.2d 1006 (1985). At bottom, one word—"specifically"—controls this case. The word means "with exactness and precision : in a definite manner." *Webster's Third New International Dictionary* 2187 (1969). An oath is hardly "specifically provided for" by a regulation that does not refer to it at all.

Affirmed.

MORGAN, J., concurs.

PETRICH, J. (dissenting)—I dissent. The Insurance Commissioner, in a legislatively authorized action, specifically approved the standard form insurance policy at issue in

---

[3]The "reference statute" principle has been used in criminal legislation, but only for the same space–saving purposes for which it is applied in the civil field. *See Bellevue v. Mociulski,* 51 Wn. App. 855, 858, 756 P.2d 1320 (1988).

this case. WAC 284–20–010(3) says in part that "no company shall issue any basic contract of fire insurance covering property or interest therein in this state other than on the form known as the 1943 New York Standard Fire Insurance Policy . . .". While the remainder of this regulation allows an insurance company to adopt a policy more favorable to the insured, the policy at issue here is identical to the standard policy adopted in the regulation. As such, the oath required under Hovrud's policy was "specifically provided for by statute or regulatory provision" and, therefore, was "required or authorized by law." RCW 9A.72-.010(3); RCW 9A.72.040. *Cf. People v. Watson,* 85 Ill. App. 3d 649, 406 N.E.2d 1148, 1151 (1980) (permissive oath is "required by law" if the statement must be sworn to before it can be used for the legal purpose intended).

The state of Wisconsin had a statute imposing a criminal sanction for false swearing much like RCW 9A.72.040. In *State v. Devitt,* 82 Wis. 2d 262, 262 N.W.2d 73 (1978), the Wisconsin court held that a false statement regarding campaign contributions made under oath by a member of a campaign organization for an unsuccessful candidate seeking a party endorsement was not subject to criminal liability for "false swearing." The court reasoned that the Corrupt Practices Act only required such a statement from an organization supporting a candidate for the primary or general election. Because the person involved never qualified as a candidate, the supporting organization was not required to submit the report under oath. Important to our case is the distinction the court made regarding statements authorized but not required by law:

> The felony false swearing statute is a statute of general application that can apply to a multitude of situations. There are instances where the filing of a sworn statement can be authorized by law but not required by law, such as an affidavit in support of a motion in a legal proceeding, or an affidavit or statement in support of an application for various forms of license. In these and like instances the sworn statement is not required but is authorized and designed to favorably influence the position of the person offering the statement. The purpose of the Corrupt Practice Act, as it was at the time in question,

was not to authorize the filing of the financial statement but to require it to be done when an individual was a candidate for a nomination or election. If he was not required to do so, as the parties agree, the inadvertent filing should not subject him to a felony conviction.

*State v. Devitt, supra* at 270. Conceivably, the oath specified in the 1943 New York Standard Fire Insurance Policy may not be *required* by law since the Insurance Commissioner might well approve of an insurance policy form without such an oath as an alternative form of policy, but nevertheless the oath was clearly authorized by the regulation.

The majority focuses on the lack of any oath requirement in the regulation. It then concludes that because an oath is not *specifically* provided for, the oath was not required or authorized by law. Such an analysis ignores well–settled rules for interpreting legislative acts when other acts are adopted by reference. The referenced terms are considered and treated as if they were incorporated into and made a part of the referring act, just as completely as if they had been explicitly written therein. *Knowles v. Holly,* 82 Wn.2d 694, 700–01, 513 P.2d 18 (1973). In my view, the same analysis should be applied in interpreting a regulation which adopts by reference an existing and well–defined document such as the standard policy specified in the regulation.[4]

Furthermore, I dissent because the majority inappropriately relies on *State v. Dougall,* 89 Wn.2d 118, 570 P.2d 135 (1977). *Dougall* involved two challenges to the constitutionality of the Uniform Controlled Substances Act (RCW

---

[4]The majority asserts that incorporation by reference is inappropriate when the statute does not even refer to the statute being referenced. That is not the case before us. A plain reading of WAC 284–20–010(3) reveals that the policy at issue is specifically *referred to* and *adopted.*

The majority also complains that incorporation by reference is irreconcilable with strict construction principles. First, those principles only apply when there is an ambiguity in the statute; here there is none. Second, even if the rules did apply, the majority ignores the clear principle that a statute should not be construed "in a forced, narrow or overly strict manner so as to defeat the intent of the Legislature." *State v. Sayler,* 36 Wn. App. 230, 235, 673 P.2d 870 (1983).

69.50): the violation of procedural due process and the unconstitutional delegation of legislative authority. As neither of these issues even remotely exists in the present case, the majority inappropriately extends *Dougall*'s holding.

I am satisfied that the oath specified in the 1943 New York Standard Fire Insurance Policy was specifically authorized by law.

I would reverse.

Reconsideration denied April 2, 1991.

Review denied at 117 Wn.2d 1005 (1991).