[No. 28179-8-I.  Division One.  July 6, 1992.]

THE STATE OF WASHINGTON, *Appellant,* v. MARLIN R. JOHNSON, *Respondent.*

*Michael E. Rickert, Prosecuting Attorney,* and *K. Garl Long, Deputy,* for appellant.

*Donald J. Bisagna,* for respondent.

AGID, J. — The State appeals the trial court's dismissal of a charge of bail jumping, RCW 9A.76.170, against the defendant Marlin Johnson. The State contends that Johnson could be found guilty of violating the statute even though he was not ordered to appear in court for sentencing on any specific date. We affirm.

Johnson was found guilty of second degree assault. In an order releasing him on bail, the trial court ordered Johnson to either post bail or surrender himself to the sheriff's office for incarceration within 72 hours of the verdict. Johnson did not post bail and did not report to the sheriff's office. Instead, he fled to Arizona before the 72-hour period had expired. The court subsequently issued a bench warrant for Johnson's arrest. Several months later, Johnson was apprehended, returned to Skagit County and charged with bail jumping in violation of RCW 9A.76.170. Johnson moved to dismiss the bail jumping charge. Apparently because a sentencing date had not been set, the trial court dismissed the information because "there was no evidence that Marlin Johnson was released by Court Order or admitted to bail with the requirement of [a] subsequent personal appearance before that court."

A trial court may dismiss an information prior to trial when there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. *State v. Knapstad,* 107 Wn.2d 346,

356-57, 729 P.2d 48 (1986). The court must conclude that no rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. *Knapstad,* 107 Wn.2d at 349. The sole issue presented is whether a defendant can violate the bail jumping statute when he has not been ordered to appear in court on a specific date, but has been ordered to post bail or report to jail within 72 hours and fails to do so.

The bail jumping statute, RCW 9A.76.170, provides in part:

> (1) Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who knowingly fails to appear as required is guilty of bail jumping.
> (2) Bail jumping is:
> . . . .
> (c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony[.]

A plain reading of the statute indicates that it applies in two situations: (1) when the defendant has been released by court order on personal recognizance; or (2) when the defendant has posted bail. The State contends that the language "with the requirement of a subsequent personal appearance before any court" modifies only the phrase "admitted to bail". Thus, the State argues, for those released on personal recognizance, the statutory requirement of a subsequent personal appearance before a court does not apply. Under this interpretation, a person who is released by court order and who subsequently fails to appear as required, regardless of where and when he was required to appear, would be guilty of bail jumping. This interpretation would encompass Johnson's conduct because he failed to report to jail as required when he did not post bail within 72 hours of his release.

■ While the statute could be read as the State suggests, the more logical interpretation of the phrase "knowingly fails to *appear as required*" is that it refers back to the phrase "with *the requirement* of a subsequent personal *appearance* before any court". (Italics ours.) We agree with

the trial court that the lack of *any* required appearance before a court in the order releasing Johnson made it impossible for the State to prove that he was guilty of bail jumping.[1]

■ In addition, the State's proffered interpretation could render the statute impermissibly vague. Without the phrase "requirement of a subsequent personal appearance before any court", the statute would read:

> (1) Any person having been released by court order . . . and who knowingly fails to appear as required is guilty of bail jumping.

Because the phrase "knowingly fails to appear as required" could apply to appearance requirements other than those set forth in the order releasing the defendant on personal recognizance, the State's interpretation of the statute does not adequately define which appearances are encompassed by the statute's proscription. *See State v. Dougall*, 89 Wn.2d 118, 570 P.2d 135 (1977) (criminal statutes must convey a sufficiently definite warning as to the conduct prohibited).[2]

■ We conclude that the State's interpretation is incorrect and the phrase "with the requirement of a subsequent personal appearance before any court of this state" modifies both clauses. RCW 9A.76.170(1). At worst, the statutory

---

[1] The State's reliance on *State v. Plank*, 47 Wn. App. 461, 735 P.2d 694 (1987), is misplaced. There, the defendant failed to appear for the second day of trial on a charge of possession of stolen property. The issue presented was whether the State properly charged the defendant under RCW 10.19.130, which provided that a person released on personal recognizance with the requirement that he subsequently appear in court, who willfully fails to appear as required, is guilty of "a crime". The court determined that RCW 10.19.130 had been repealed by implication by the later enactment of the bail jumping statute. Thus, the court held that the defendant had been improperly charged and implied that the defendant should have been charged under the bail jumping statute. Although no court order specifically required Plank to appear for his second day of trial, that order was implicit in the requirement that he appear for trial. By contrast, although Johnson knew that he was expected to appear for sentencing in due course, he was never told when to appear.

[2] Further, we note that the Washington Supreme Court Committee on Jury Instructions has also construed the statute to require as an element of bail jumping that "the defendant knowingly failed to appear *before a court*". (Italics ours.) WPIC 120.41(1).

language is ambiguous. Under the rule of lenity, ambiguous criminal statutes must be strictly and liberally construed in favor of the defendant. *E.g.*, *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988); *State v. Hovrud*, 60 Wn. App. 573, 575, 805 P.2d 250, *review denied*, 117 Wn.2d 1005 (1991). Accordingly, we must reject the State's proffered statutory interpretation.

■ ■ The State alternatively contends that the court's order requiring Johnson to report to jail within 72 hours if he did not post bail was an order to appear before a "court". It suggests that this court view jail personnel as "ministerial officers" of the court. We also reject this interpretation on the ground that it unduly strains the plain meaning of the word "court". *State v. Roberts*, 117 Wn.2d 576, 584, 817 P.2d 855 (1991) (plain and unambiguous statutory language must be accepted on its face).

Construing the statute in favor of the defendant, we conclude that the State must prove that the defendant was required to appear before a court after his release on personal recognizance as an element of the crime of bail jumping. Because Johnson was not ordered to appear in court as a condition of his release, the trial court properly determined that the State could not prove an essential element of the crime.[3]

---

[3]This is not to say that the defendant's conduct did not constitute another, uncharged offense.

A person is guilty of escape in the second degree if:

(a) He escapes from a detention facility; or

(b) Having been charged with a felony or an equivalent juvenile offense, he escapes from custody.

RCW 9A.76.120(1). For purposes of the escape statute, the defendant need not be subject to direct physical control of the authorities. Rather, "one need only be where he or she is not supposed to be or fail to be where he or she is supposed to be." *State v. Kent*, 62 Wn. App. 458, 461, 814 P.2d 1195 (finding that the defendants' failure to return to jail from work release and medical furlough, respectively, constituted an "escape" for purposes of RCW 9A.76.120), *review denied*, 118 Wn.2d 1005 (1991); *State v. Peters*, 35 Wn. App. 427, 667 P.2d 136, *review denied*, 100 Wn.2d 1025 (1983). Here, Johnson failed to report to the sheriff's office for incarceration within 72 hours as ordered. He therefore failed to be where he was supposed to be, in jail, pursuant to the trial court's order. Consequently, the State could have charged him with the crime of second degree escape.

Affirmed.

SCHOLFIELD and PEKELIS, JJ., concur.