[Nos. 18585-7-II; 19080-0-II.    Division Two.    August 9, 1996.]

THE STATE OF WASHINGTON, *Petitioner,* v. MICHAEL J. WALKER, *Respondent.*

THE STATE OF WASHINGTON, *Respondent,* v. GREGORY E. LEWIS, *Petitioner.*

*John W. Ladenburg, Prosecuting Attorney*, and *Mark Von Wahlde, Deputy*, for the State.

*Kenneth W. Fornabai* and *Amy Hansen*, for Walker and Lewis.

SEINFELD, C.J. — Michael J. Walker and Gregory E. Lewis contend that a trial court may not admit Data-Master breath test results as a business record where the defendant has requested, but the State has failed to produce, the technician responsible for maintaining the Data-Master machine. Walker and Lewis were convicted at separate trials of driving under the influence (DUI). Each had requested, pursuant to CrRLJ 6.13(c), the technician's presence at trial. As that technician had retired, the State produced another qualified technician whose testimony provided the foundation to admit the test results as a business record. We conclude that CrRLJ 6.13(c) does not provide the exclusive procedure for the admission of Data-Master test results and that the admission of the test results, under these circumstances, did not violate the defendants' Sixth Amendment confrontation rights. Accordingly we affirm Lewis's conviction and reinstate Walker's.

## FACTS

The State separately tried Walker and Lewis in district

court for driving while under the influence. RCW 46.61.502. To prove its case, the State sought to introduce the results of BAC Verifier DataMaster breath tests.

Before trial, Walker and Lewis requested, under CrRLJ 6. 13(c),[1] the presence at trial of Anne Jacobson, the technician responsible for performing the quality assurance procedure on the DataMaster machines. Instead, the State produced the certified "BAC Verifier DataMaster Quality Assurance Procedure" documents (QAP documents) for both machines[2] and Officer Storey, Jacobson's replacement.

The State made an offer of proof that Storey was the custodian of the records prepared by Jacobson and would testify as to the contents of the QAP documents that Jacobson had completed. The defendants opposed admission of the documents. They contended that under CrRLJ 6.13(c), the State, in response to their demand, must produce *the* technician who performed the quality assurance procedure. The defendants did not argue that Storey was not a proper custodian of the document or that, absent

---

[1]CrRLJ 6.13(c) provides in pertinent part:

(c) **Breathalyzer Maintenance, BAC Verifier, and Simulator Solution Certificates.**

(1) *Admission of Certificate.* In the absence of a request to produce a Breathalyzer maintenance technician . . . made at least 7 days prior to trial or such lesser time as the court deems proper, certificates substantially in the following forms are admissible in lieu of a state expert witness in any court proceeding held pursuant to RCW 46.61.506 for the purpose of determining whether a person was operating or in actual physical control of a motor vehicle while under the influence of intoxicating liquors:

BREATHALYZER MAINTENANCE AND
CHEMICAL CERTIFICATION

[2]The QAP document is a one page checklist indicating that the technician observed certain electrical checks, calibrated the instrument, and performed other steps as set forth by the State Toxicologist pursuant to RCW 46.61.506(3). The record also contains the State Toxicologist's five-page quality assurance procedure "for periodic confirmation of the accuracy, precision, and proper working order of the BAC Verifier Datamaster instruments."

CrRLJ 6.13, the business record exception would not be applicable.

The trial court admitted the QAP documents under the business records exception to the hearsay rule; the defendants were convicted; and each appealed to superior court.[3] In Walker's case the superior court reversed the conviction, holding that the district court erred in admitting the test results without Jacobson's presence. A different superior court department affirmed Lewis's conviction. We accepted discretionary review of the State's challenge to the reversal of Walker's conviction and Lewis's appeal and consolidated the two matters for review.

## A. Use of Business Records Exception

■ To prove that a defendant was operating a vehicle while under the influence, the State may introduce into evidence an analysis of the defendant's breath showing the alcohol concentration. RCW 46.61.502(a); RCW 46.61.506(1) and (2); CrRLJ 6.13(c). Such evidence is admissible, however, only if the test was performed in accordance with statutory requirements. RCW 46.61.506(3). The State must show that (1) the machine was functioning correctly; (2) the correct chemical solution was correctly used; (3) the test operator was qualified and performed the test correctly; and (4) the results are accurate. *State v. Wittenbarger*, 124 Wn.2d 467, 489, 880 P.2d 517 (1994).

The defendants here do not challenge the administration of the test. They challenge only the lack of foundation evidence showing that the DataMaster machine was functioning correctly at the time of the test.

■ ■ To lay such a foundation, the State must show that it performed a quality assurance procedure on the machine within 12 months of its use to test the defendant's breath. *Wittenbarger*, 124 Wn.2d at 489-90; *State v. Straka*, 116 Wn.2d 859, 870, 810 P.2d 888 (1991); WAC 448-13-110.

---

[3]In Lewis's case, the court indicated that the QAP documents could also be admitted under the official public record exception.

A QAP document, certified by the technician performing the procedure, is sufficient to prove that the State correctly performed the procedure. *Wittenbarger*, 124 Wn.2d at 473; *State v. Watson*, 51 Wn. App. 947, 950, 756 P.2d 177 (1988).

If the defendant does not request the presence of the technician who tested the machine, CrRLJ 6.13(c) allows the trial court to admit a "BAC verifier DataMaster Certification" without foundation testimony. *State v. Sosa*, 59 Wn. App. 678, 682, 800 P.2d 839 (1990). The certification states that the machine was in "proper working order" on the date it was examined. But Walker and Lewis contend that when a defendant requests the technician's presence, as they did here, the QAP document is not admissible unless the State produces at trial the technician who examined the machine.

They contend, first, that as CrRLJ 6.13(b) and (c) provide specific procedures for the admission of expert reports, the State must comply with that procedure. Both subsections allow the State to offer the expert's certificate in place of the usual foundation evidence. CrRLJ 6.13(b) deals with tests results of "substance[s] and object[s];" CrRLJ 6.13(c) deals with examination reports of breath testing devices. Although CrRLJ 6.13(b) is not applicable here, defendants have suggested that it supports their position. Thus, we briefly discuss it.

CrRLJ 6.13(b)(1) allows the admission of an expert's written test report, *without a foundation,* if the report bears the certificate of the person who performed the test.[4]

---

[4]CrRLJ 6.13(b) provides in pertinent part:

(b) **Test Reports by Experts.**

(1) *Generally.* The official written report of an expert witness which contains the results of any test of a substance or object which are relevant to an issue in a trial shall be admitted in evidence without further proof or foundation as prima facie evidence of the facts stated in the report if the report bears the following certification:

TEST CERTIFICATION

CrRLJ 6.13(b)(2) provides three exceptions to (b)(1). Only CrRLJ 6.13 (b)(2)(iii) arguably applies here.

CrRLJ 6.13(b)(2)(iii) excludes test reports "otherwise admissible under section (b)" if: "at least 7 days prior to the trial date, or, upon a showing of cause, such lesser time as the court deems proper, the defendant has delivered or mailed a written demand upon the prosecuting authority to produce the expert witness at the trial." Thus, even if a QAP could be described as a "test of a substance or object," the State did not seek to admit the evidence under CrRLJ 6.13(b)(2)(iii). Instead, because Jacobson had retired, the State brought in Officer Storey, who provided the foundation necessary to admit the document as a business record.

CrRLJ 6.13(c) applies to DataMaster maintenance evidence and, in contrast to CrRLJ 6.13(b), provides for a certificate in lieu of either expert testimony or test reports. The maintenance technician need only certify that the machine was working on the examination date. Similar to CrRLJ 6.13(b), this subsection does not allow the State to rely on the certificate if the defendant has asked the State to produce "a BAC Verifier DataMaster infrared instrument technician." The subsection differs from CrRLJ 6.13(b) in that (b) requires the presence of "the" expert who prepared the report, whereas (c) only requires "a" technician.

The State did produce a technician — Officer Storey. Further, as we discussed in connection with CrRLJ 6.13(b), the State did not attempt to prove that the DataMaster was in working order simply by introducing Jacobson's certificate. Instead, Officer Storey provided a foundation for the admission of Jacobson's QAP document. Thus, the requirements of CrRLJ 6.13(c) did not control the admissibility of that evidence.

Defendants cite *Watson* to support their argument. The *Watson* court was called upon to interpret RCW 46.61.506(3) and determine "whether Breathalyzer test

results should be suppressed when the State's only evidence that the machine was working properly was that the machine was checked 9 days after the test." *Watson*, 51 Wn. App. at 948. At Watson's trial, a State expert testified that Breathalyzer machines are not "self-correcting." *Watson*, 51 Wn. App. at 950. The appellate court reversed Watson's conviction, finding trial court error in admitting Breathalyzer test results without proof of State compliance with the administrative regulations regarding machine maintenance. *Watson*, 51 Wn. App. at 951.

Here, by contrast, the State's evidence demonstrated State compliance with administrative regulations. RCW 46.61.506. *Watson* deals only with the requirements for substantive evidence of reliability; it does not speak to the admissibility of evidence that satisfies that substantive standard. Nor does it speak to the interplay between the Rules of Evidence and CrRLJ 6.13. Thus, *Watson* is not persuasive in this case.

[5-7] Further, we find no conflict between CrRLJ 6.13 and ER 803(a)(6), the business records exception to the hearsay rule. The CrRLJ do not prohibit reliance on the Rules of Evidence in these circumstances. CrRLJ 6.13(a). Both the Rules of Evidence and case law may augment the range of evidence that the court rules describe as admissible. *Sosa*, 59 Wn. App. 678 (despite unavailability of lab technician who performed test, trial court properly admitted report under CrR 6.13(b) — the superior court criminal rule counterpart to CrRLJ 6.13(b) — because the State produced testimony to satisfy the two-part reliability test articulated in *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980)); *City of Bellevue v. Mociulski*, 51 Wn. App. 855, 756 P.2d 1320 (despite omission of Rules of Evidence exception in JTIR, the exception's presence in former JCrR (antecedent of CrRLJ) and rules of statutory construction permit trial court to apply the exception), *review denied*, 111 Wn.2d 1019 (1988).

Although the proponent of a business record must provide evidence of its authenticity, the evidence need not

come from the record's author. *State v. Medley*, 11 Wn. App. 491, 499, 524 P.2d 466, *review denied*, 84 Wn.2d 1006 (1974). Defendants do not assert that Officer Storey was not the proper custodian of the QAP document. Thus, given the record before the trial court, it did not err in admitting the QAP documents under ER 803(6).

### B. Sixth Amendment Confrontation Rights

■ Defendants also contend that the admission of the certified technician's report violated their Sixth Amendment confrontation rights. They argue that to challenge the quality assurance process, and hence the test results, they needed to cross-examine the technician responsible for the machine at issue. But a defendant's confrontation rights are not violated where a document is properly admitted under the business records exception. *State v. Kreck*, 86 Wn.2d 112, 121, 542 P.2d 782 (1975).

■ As noted in *Kreck*, the constitutional right of confrontation has certain exceptions. *Kreck*, 86 Wn. 2d at 116. The exceptions turn on the reliability of the evidence. *Dutton v. Evans*, 400 U.S. 74, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970). Here, defendants had the opportunity to cross examine Officer Storey regarding the procedures supporting the QAP document. They point to nothing that suggests a concern for the reliability of Jacobson's report.

Further, it appears unlikely that Jacobson, as the certifying technician, would have been able to recall specific details of the quality assurance procedure at issue. The QAP document, a one-page checklist that merely indicates the completion of each step in the process, contains nothing that likely would have refreshed Jacobson's memory as to the specific machine on a specific date. Thus, we have no basis to believe that Jacobson's presence would have assisted the defendants. *See Kreck*, 86 Wn.2d at 120; *Wittenbarger*, 124 Wn.2d at 473-74, 477-78.

Finally, defendants had other avenues to challenge the test results: they could have cross-examined the machine operator and challenged his or her methods and qualifica-

tions; they could have presented their own expert testimony regarding the machines and the science upon which it is based; and they could have offered their own independent breath or blood tests. *Wittenbarger*, 124 Wn.2d at 476. And the defendants could have challenged the breath test ticket itself. It contains specific information regarding the accuracy of each test reading and "a detailed record of the DataMaster breath test results, including the readings of the blank tests and the tests of the simulator solution." *Wittenbarger*, 124 Wn.2d at 476.

Accordingly, we find the trial court did not err in admitting the QAP document. We affirm Lewis's conviction and remand Walker's case to the superior court for reinstatement of the conviction.

HOUGHTON and TURNER, JJ., concur.

Review denied at 130 Wn.2d 1027 (1997).